UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY M. HOAK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTIONS, JOHANNA SMITH, IDAHO CORRECTION CENTER OF AMERICA, VALDEZ, WEBB, PENAKY, THOMPSON, and REMERLZE,<br><br>　　　　　Defendants. | Case No. 1:10-cv-00138-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |
| ARTHUR A. HOAK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>VALDEZ and SMITH,<br><br>　　　　　Defendants. | Case No. 1:10-cv-00250-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiffs are brothers and inmates in custody of the Idaho Department of Corrections (IDOC) housed at state-owned prisons or the private prison, Idaho Correctional Center (ICC), which is operated by Correctional Corporation of America (CCA). Each Plaintiff filed a Complaint alleging that prison officials were warned but failed to take steps to protect them from assaults by prison gang members.

ORDER - 1 -

Now pending before the Court are the following motions: Plaintiffs' Motion for the Court to *Motion to Dismiss and to Waive Tolling Adendum* (Docket No. 23), *Motion for Court-appointed Counsel* (Docket No. 33), *Motion for a Continuance* (Docket No. 45) and two discovery related motions (Docket Nos. 29, 34); ICC Defendants *Motion to Dismiss* (Docket No. 26); and IDOC Defendants' *Motion for Joinder* (Docket No. 44). Having reviewed the record, and the arguments of the parties, the Court issues the following Order.

Because of the dispositive nature of ICC Defendants' ("ICC") *Motion to Dismiss* and IDOC Defendants' ("IDOC," or collectively, "Defendants") *Motion for Joinder*, the Court will first address whether the Hoaks' *Complaints* (Docket No. 3, both cases) should be dismissed on preclusion grounds. Defendants argue the claims that the Hoaks are now making were already litigated in 2008. *Hoak v. Valdez et al.*, 1:08-cv-00402-BLW (Affirmed by the Ninth Circuit Court of Appeals, Case No. 09-36094). Both Larry and Arthur Hoak were Plaintiffs in *Valdez*. Ultimately, both of their cases were dismissed for failure to exhaust administrative remedies.

Rather than address Defendants' claim preclusion defense, apparently in anticipation of Defendants Motion to Dismiss, Plaintiff Larry Hoak preemptively asked that the Court "waive tolling on the exhaustion of remedies." *Motion to Dismiss and to Waive Tolling Adendum*, 1 (Docket No. 23). In his motion, Larry Hoak appears to acknowledge a failure in exhausting remedies on these claims, but urges that the Court

ORDER - 2 -

waive this requirement considering his mental state at the time he may have failed to exhaust administrative remedies.

In support of this request, Larry Hoak points to the time he had to spend in administrative segregation, a variety of mental health issues he has, and makes the claim that Beth Stewart from the Idaho Statesman could testify that he was "out of [his] mind." *Response,* 4 (Docket No. 32). In direct response to Defendants motion to dismiss, Plaintiffs again argue that the exhaustion of remedies requirement should be waived. Plaintiffs make a variety of claims, but make no effort to distinguish their current claims from those claims already made in *Hoak v. Valdez,* or provide the Court with reasons as to why the doctrine of claim preclusion should not apply.

### Discussion

1. **Claim Preclusion (Docket Nos. 23, 44)**

Claim preclusion, or res judicata, prevents parties from re-litigating causes of action which were finally decided in a previous suit. Claim preclusion "insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits ... It is consistent with these principles to permit a court which has been apprised by [a party] of an earlier decision... to examine the [preclusive] effect of that prior judgment *sua sponte.*" *McClain v. Apodacai,* 793 F.2d 1031, 1032-33 (9th Cir. 1986). Claim preclusion applies when there is "(1) an identity of claims; (2) a final

judgment on the merits;[1] and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Claim preclusion also applies to those claims which could have been litigated as part of the prior cause of action. *See Clark v. Yosemite Community College Dist.*, 785 F.2d 781, 786 (9th Cir. 1986).

The Supreme Court has recognized that the doctrine of claim preclusion "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Further, "there is no exception to the rules of claim and issue preclusion for federal civil rights actions under 42 U.S.C. § 1983." *Clark*, 785 F.2d at 788 n.9 (9th Cir. 1986).

Comparing those claims made by the Hoaks in this case, and in the prior litigation *(Valdez*, 1:08-cv-00402-BLW), the record supports the conclusion that Plaintiffs' complaints are barred by claim preclusion. In *Valdez*, as here, both Hoaks petitioned the Court for redress on grounds that prison officials were warned but allegedly failed to take steps to protect him from gang assaults. After briefing and argument by all parties, Judge Winmill determined that Larry Hoak and Arthur Hoak, had failed to properly exhaust administrative remedies, and dismissed their claims. It is apparent that Plaintiffs are

---

[1] The phrase "final judgment on the merits is often used interchangeably with dismissal with prejudice." *Stewart v. US. Bancorp*, 297 F.3d *953, 956* (9th Cir. 2002) (noting that with prejudice is an acceptable shorthand for adjudication on the merits); *see also Classic Auto Refinishing, Inc. v. Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999).

making the same claims here. However, dismissal of a complaint for failure to exhaust administrative remedies is not considered "on the merits," and Defendants' *Motion to Dismiss* will be denied accordingly. *See Heath v. Cleary*, 708 F.2d 1376, 1380 n. 4 (9th Cir. 1983) ("dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits.").

2. **Exhaustion**

Pursuant to the Prison Litigation Reform Act of *1995* (PLRA), an inmate is required to exhaust all available administrative remedies within the jail or prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, *549* U.S. 199, 211 (2007). In *Jones,* the Supreme Court noted that the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id.* at 204.

Proper exhaustion is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Where there is an informal and relatively simple prison grievance system, prisoners must take advantage of it before filing a civil rights

complaint. *Id.* at 103. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones, '549* U.S. at 118.

In *Valdez,* the Hoaks' claims were dismissed for a failure to exhaust. Here, it again appears that those same claims are still barred for a failure to exhaust administrative remedies. Further, Plaintiffs appear to acknowledge exhaustion as a procedural bar to proceeding. *See Wyatt v. Terhune, 315* F.3d 1108, 1120 (9th Cir. 2003).

Accordingly, the Court will dismiss Plaintiffs' *Complaints* without prejudice. Plaintiffs may request that the Court revisit this determination by was of a motion to reconsider. Such a motion shall be filed by September 16, 2011, and should address only the issue of exhaustion of remedies and may not exceed ten pages. Should Plaintiffs prevail on this issue, the Court will address Plaintiffs' discovery and related motions. (Docket Nos. 23, 29, 33, 34 and 45). Until that time, however, those motions will be denied.

### Order

It is hereby ORDERED:

1. Plaintiffs' *Motion to Dismiss and to Waive Tolling Adendum* (Docket No. 23) is DENIED;

2. Plaintiffs' *Motion for Discovery Disclosure* (Docket No. 29) is DENIED;

3. Plaintiffs' *Motion Requesting Counsel* (Docket No. 33) is DENIED;

4. Plaintiffs' *Motion Requesting Witness* (Docket No. 34) is DENIED;

5. Plaintiffs' *Motion for a Continuance* (Docket No. *45)* is DENIED;

6. ICC Defendants' *Motion to Dismiss* (Docket No. 26) is DENIED;

7. IDOC Defendants' *Motion for Joinder* (Docket No. 44) is DENIED; and

8. Plaintiffs Complaints (Docket No. 3) are DISMISSED without prejudice;

   a. Plaintiffs may submit a motion to reconsider, along with supporting legal memorandum, by September 16, 2011.



DATED: **August 22, 2011**.

Honorable Larry M. Boyle
United States Magistrate Judge